

**FILED**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| HARRIETT L. SASSO, | ) | **CIVIL CASE NO. SX-02-CV-538** |
| Plaintiff, | ) | |
| v. | ) | ACTION FOR RECOVERY OF |
| | ) | POSSESSION OF REAL PROPERTY |
| EUPHITA O. HACKETT, | ) | |
| Defendant. | ) | **2020 VI Super 51U** |
| | ) | |

### MEMORANDUM OPINION and ORDER

¶ 1     THIS MATTER was determined by Memorandum Opinion and Order entered June 25, 2004 wherein the Superior Court, on the basis of proof of ownership by adverse possession from in or about 1973, pursuant to 28 V.I.C. § 11, granted summary judgment and Ordered, Adjudged and Decreed that Defendant Euphita O. Hackett is the owner of Plot 5-U Estate Upper Love, Prince Quarter, Frederiksted, St. Croix. On appeal by Plaintiff/Appellant Harriett L. Sasso, the Appellate Division of the District Court of the Virgin Islands, by Per Curiam Memorandum Opinion and Order of the Court filed December 6, 2006, "conclude[d] that the trial court did not err in determining that Hackett became the adverse owner of certain property." The Appellate Division remanded the matter with the limited instructions to identify specifically the precise property affected and to do equity, considering Sasso's payment of property taxes on the property.[1] Those issues on remand are addressed herein and an Amended Judgment Order consistent with this Memorandum Opinion is entered herewith.

¶ 2     The long factual and procedural history of this 18-year old case is well known to the parties and set out thoroughly in the record and will not be repeated here. Suffice it to say that Hackett had been adversely possessing Plot 5-U Estate Upper Love for a period of years in excess of the full 15-year statutory period prior to entry of the Judgment in Territorial Court Probate No. 99/1997 (*In re Estate of Josephine Blackwell*) by which Sasso was awarded the same property. The trial court's judgment entered accordingly was not disturbed on appeal.

---

[1] The Appellate Division's Memorandum Opinion (D.C. Civ. App. No. 2004/091) incorrectly states that Sasso paid property taxes on Plot 5-T Estate Upper Love, the adjacent plot titled to Defendant Hackett. The record reflects that Sasso and her predecessors actually paid real property tax bills addressed and mailed to them for various years for tax parcel no. 4-06303-0114-00, identified as Plot 5-U Estate Upper Love. The Tax Assessor inaccurately issued the tax bills for that parcel for all years in issue as unimproved, even though the residence constructed by Defendant Hackett and her late husband, completed in 1980, was situated on Plot 5-U. The Tax Assessor's error was also manifest in the designation of Plot 5-T Estate Upper Love (tax parcel no. 4-06302-0228-00) as improved property, which was taxed accordingly.

¶ 3    An Evidentiary Hearing was held February 14, 2018 to address the limited issues remanded for consideration. Plaintiff Sasso appeared personally, represented by counsel, Mark L. Milligan, Esq. Defendant Hackett appeared personally, represented by Yvette Ross-Edwards, Esq. The parties were provided the opportunity to supplement the record after the Hearing, pursuant to a schedule requiring Plaintiff's filing by March 2, 2018, following which Defendant could respond within 14 days. Plaintiff submitted her Supplemental Brief on Remand, filed March 14, 2018, followed by her Amended Supplemental Brief on Remand, filed March 19, 2018. Sasso's original Supplemental Brief was accompanied by her Motion for Leave to File Supplemental Brief Out of Time, "so ordered" by the Court, entered March 16, 2018. On March 20, 2018, after the extension had been granted, Hackett filed her Opposition to Plaintiff's Motion to File Supplemental Brief Out of Time, followed by her March 23, 2018 Motion for Reconsideration of March 16, 2018 Order Granting Plaintiff's Motion for Extension of Time to File Supplemental Brief. Sasso filed her Opposition April 16, 2018, and Hackett filed her Reply May 4, 2018. Considering the relevant factors with regard to Plaintiff's request for an extension of time to file her post-hearing brief as set forth in V.I. R. Civ. P. 6(b)(1), that request was granted. Because the Court perceives no clear error of law in granting the extension and no manifest injustice flowing therefrom, Defendant's Motion for Reconsideration will be denied.

¶ 4    Also filed March 14, 2018 was Plaintiff Sasso's Motion for Leave to File Answer to Counterclaim Out of Time. On March 20, 2018, Defendant Hackett filed her Opposition, to which Sasso filed her Reply on April 13, 2018. This matter was tried, judgment was entered, and appeal was determined, with remand for the limited purposes noted above. The Appellate Division did not find error in the trial court's entry of judgment in favor of Hackett and did not remand the case for new trial. That is, in addition to being grossly out of time by 14 years, because the substantive issues raised by Defendant's Counterclaim were determined by the trial court and affirmed on appeal (without Plaintiff raising the issue of her purported lack of opportunity to file her answer), the filing of an answer now would be futile and serve no purpose. Accordingly, Sasso's Motion for Leave to File Answer will be denied.

¶ 5    The issues on remand are addressed as follows:

**Clarification of precise property affected.**

Despite evidence of significant confusion, not limited to the parties, but also on the part of

•

others, including the Public Surveyor at the Department of Public Works, the Tax Assessor and Elizabeth Benjamin, predecessor in title ownership and former owner of both Plot 5-T and Plot 5-U, the precise property that was the subject of the parties' dispute and of the judgment entered June 25, 2004 by the Memorandum Opinion and Order wherein Defendant Euphita O. Hackett became owner by adverse possession is legally described as follows:

> Plot No. 5-U Estate Upper Love, Prince Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.500 U.S. acre, as more fully shown on OLG Drawing No. 2606, dated April 9, 1969, last revised May 17, 1994.

¶ 6     Because trial court's judgment awarding ownership of Plot 5-U Estate Upper Love to Defendant Hackett was not disturbed on appeal and is not affected by this limited remand, the *Lis Pendens,* recorded February 3, 2005 by Plaintiff Sasso in the Office of the Recorder of Deeds for St. Croix, at PC 960, page 198, as document number 2005000573, is subject to discharge and the Amended Judgment Order entered herewith will discharge said *Lis Pendens.*

### Consideration of the equities.

¶ 7     The Appellate Division affirmed the trial court's determination that Hackett became the owner of Plot 5-U by adverse possession but remanded the matter with the instruction that this Court "consider the equities of the case and the parties." Specifically, the Appellate Division directed this Court to "determine whether it is fair for Sasso to take nothing."

¶ 8     Sasso urges that the interests of justice require that this Court revisit the merits of Hackett's adverse possession claim. The trial court determined that Hackett had become the adverse owner of Plot 5-U, a determination with which the Appellate Division found no error. The record herein was remanded for the limited purposes noted above. This Court has been directed to make an additional finding as to the issue of the precise description of the property, and to consider the equities to determine whether it is fair that Sasso take nothing in light of her payment of property taxes. This Court is without authority to amend, or as Sasso urges, in effect to overturn on this remand, the trial court's ruling that Hackett was the owner by adverse possession of Plot 5-U. *See Hodge v. Bluebeard's Castle, Inc.,* 62 V.I. 671, 684 (V.I. 2015).

¶ 9     In the alternative, on equitable grounds, Sasso seeks an award of adjoining Plot 5-T Estate Upper Love to herself. Hackett and her late husband purchased Plot 5-T from Elizabeth Benjamin in

1972. The same year, Benjamin deeded Plot 5-U to Edna Sealey and Josephine Blackwell, as joint tenants with rights of survivorship. Upon Sealey's death, Blackwell became sole owner of Plot 5-U, and Sasso's claim as devisee arises from the 1998 adjudication of Blackwell's estate in probate.

¶ 10    When Frank and Euphita Hackett sought to begin construction of their home in 1973, Benjamin directed them to the property they had purchased, and they applied for and obtained the required permits from the Department of Public Works. The home was completed in 1980 and Mr. and Mrs. Hackett moved in. Hackett has lived there since. However, the residence was built not on Plot 5-T Estate Upper Love, deeded to them by Elizabeth Benjamin, but rather on Plot 5-U that Benjamin had deeded seven years earlier to Sasso's predecessors.

¶ 11    From the start of construction in 1973, and for substantially more than the 15-year adverse possession term, no one questioned Hackett's possession or ownership of Plot 5-U, notwithstanding the fact that the possession was open and notorious. The world, including Sasso and her predecessors in interest, were on notice from start of the construction of Hacketts' residence in 1973 that Hackett claimed to be owner of that plot that was ultimately correctly identified as Plot 5-U Estate Upper Love.

¶ 12    "Because of the harsh consequences faced by the record owner, the statutory requirements are specifically calculated to give the record owner notice that someone else is claiming title to the property." *Mahabir v. Heirs of George,* 63 V.I. 651, 659 (V.I. 2015) (citations and internal quotations omitted). No notice of claim of title to property could be more suited to giving actual notice to a title owner of property than the adverse claimant constructing and inhabiting a private residence on the property.

¶ 13    The consequences to the title owner are indeed harsh. The law requires and Hackett supplied strict proof of her uninterrupted, exclusive, actual, physical adverse, continuous and notorious possession of Plot 5-U under claim of title. Because the trial court correctly found that Hackett satisfied all the statutory prerequisites, judgment of adverse ownership entered for Hackett as to Plot 5-U. In the totality of these circumstances, the Court does not find that Sasso is entitled to an equitable conveyance to her of Plot 5-T. To grant such relief would be to reward the inattentiveness and disregard exhibited by Sasso and her predecessors over two decades with regard to the property deeded to them in 1972.

¶ 14    However, the record does reflect that Sasso and her predecessors paid property taxes on Plot 5-U for several years, which payments have redounded to the benefit of Hackett. As such, equity is best served by granting Sasso reimbursement for those property tax payments, plus interest at the statutory rate from the date of each such payment. Hackett will be required to reimburse Sasso for the following tax payments reflected in the record:

| Tax Year | Payment Amount | Payment Date (interest accrues on each from date paid at 9%) |
| --- | --- | --- |
| 1988 | $ 74.10 | 12/19/89 |
| 1991 | $ 82.50 | 10/20/92 |
| 1992 | $ 92.40 | 8/23/93 |
| 1994 | $ 92.40 | 6/14/96 |
| 1998 | $130.74 | 11/29/00 |
| 1999 | $116.59 | 11/29/00 |
| 2001 | $111.57 | 8/21/02 |

¶ 15    Because the issues addressed on remand pursuant to the December 8, 2006 Order of the Appellate Division of the District Court of the Virgin Islands result in entry of an Amended Judgment Order, pursuant to V.I. R. Civ. P. 58(a) that Amended Judgment Order is set out in a separate document, entered herewith.

¶ 16    With regard to the Motions filed post-remand, it is hereby

ORDERED that Defendant's Motion for Reconsideration of March 16, 2018 Order Granting Plaintiff's Motion for Extension of Time to File Supplemental Brief is DENIED. It is further

ORDERED that Plaintiff's Motion for Leave to File Answer to Counterclaim Out of Time is DENIED.

DATED: April _____, 2020.

DOUGLAS A. BRADY, JUDGE

**ATTEST:**

TAMARA CHARLES
Clerk of the Court

**Distribution List:**
Mark L. Milligan, Esq.
Yvette Ross-Edwards, Esq.

By: _____
Court Clerk Supervisor

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| HARRIETT L. SASSO, | ) | **CIVIL CASE NO. SX-02-CV-538** |
| Plaintiff, | ) | |
| v. | ) | ACTION FOR RECOVERY OF |
| EUPHITA O. HACKETT, | ) | POSSESSION OF REAL PROPERTY |
| Defendant. | ) | |
| | ) | |

## AMENDED JUDGMENT ORDER

Consistent with the Memorandum Opinion entered herewith, the limited issues addressed on remand pursuant to the December 8, 2006 Order of the Appellate Division of the District Court of the Virgin Islands (D.C. Civ. App. No. 2004/091) require entry of this Amended Judgment Order, pursuant to V.I. R. Civ. P. 58(a), amending in part the Memorandum Opinion and Order of the Superior Court entered June 25, 2004. Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that the precise property affected in this matter, which is owned by Euphita O. Hackett, effective as of entry of the Order herein of June 25, 2004, is defined as follows:

> Plot No. 5U Estate Upper Love, Prince Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.500 U.S. acre, as more fully shown on OLG Drawing No. 2606, dated April 9, 1969, last revised May 17, 1994.

It is further

ORDERED that the *Lis Pendens* against the foregoing property, recorded February 3, 2005 in the Office of the Recorder of Deeds for St. Croix, at PC 960, page 198, as document number 2005000573, is CANCELED and DISCHARGED. It is further

ORDERED that, in consideration of the equities of the case and the parties, Plaintiff Harriett L. Sasso shall have JUDGMENT OF REIMBURSEMENT of property taxes paid against Defendant Hackett, with interest at the legal rate (9% per annum) from the date of each payment to the date of entry of this Order, and at the rate of 4% per annum hereafter until fully paid, in the following amounts:

| Tax Year | Payment Amount | Payment Date (interest accrues on each from date paid at 9%) |
|---|---|---|
| 1988 | $ 74.10 | 12/19/89 |
| 1991 | $ 82.50 | 10/20/92 |
| 1992 | $ 92.40 | 8/23/93 |
| 1994 | $ 92.40 | 6/14/96 |
| 1998 | $130.74 | 11/29/00 |
| 1999 | $116.59 | 11/29/00 |
| 2001 | $111.57 | 8/21/02 |

DATED: April____, 2020.

_____
DOUGLAS A. BRADY, JUDGE

**ATTEST:** TAMARA CHARLES
Clerk of the Court

By:_____
Court Clerk Supervisor

**Distribution List:**
Mark L. Milligan, Esq.
Yvette Ross-Edwards, Esq.